IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LISA COLLINS                                                                                          PLAINTIFF

vs.                                                        CIVIL ACTION NO.: 3:23-cv-210-KHJ-MTP

KEVIN O'DONNELL, INDIVIDUALLY;
KOD PROPERTIES, LLC;
FRONTIER PROPERTIES, LLC;
KOD FIVE B REBUILD LAND TRUST;
BRIGHTLITE HOMES, LLC; and JOHN DOES 1-20                              DEFENDANTS

**AMENDED COMPLAINT**
<u>**Jury Trial Requested**</u>

COMES NOW, the Plaintiff, and files this Amended Complaint against the Defendants, by and through counsel, and would show unto the Court as follows:

**I.   PARTIES**

1.   Plaintiff, LISA COLLINS, is an adult resident of Monticello, Lawrence County, Mississippi.

2.   Defendant KEVIN O'DONNELL (hereinafter "O'Donnell") is an adult resident of Mobile County, Alabama who may be served with process by personal service at 1700 Sugar Cane Court, Mobile, Alabama. At all times relevant, Defendant O'Donnell was the manager and landlord of the residential property located at 919 Winn Street, Jackson, Hinds County, Mississippi (hereinafter the "Property") where the subject fire occurred and where Plaintiff was catastrophically injured. Defendant O'Donnell had the duty and had the authority, discretion, and responsibility to make the Property and its tenants reasonably safe from foreseeable harm. Defendant O'Donnell also had a duty to inspect, install, maintain, and/or provide fire safety products and/or equipment at the Property, including but not limited to smoke alarms and fire

extinguishers, as well as maintain all paths of egress in safe working condition. Further, Defendant O'Donnell had the authority, discretion, and responsibility to purchase, install, inspect, test, and/or provide the Property and its tenants with properly functioning fire safety products and/or equipment, including but not limited to smoke alarms and fire extinguishers. Moreover, Defendant O'Donnell was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, door locks and doors, appliances, or other missing or malfunctioning products/equipment at the Property. Moreover, Defendant O'Donnell had notice, actual and constructive, of the dangerous conditions existing at the Property prior to the subject fire. Defendant O'Donnell's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence. As a direct and proximate result of the negligence of Defendant O'Donnell's acts and/or omissions caused or contributed to the subject fire and/or the catastrophic injuries of Plaintiff. Finally, Defendant O'Donnell is being sued individually for his own independent negligence and for his negligence committed in the course and scope of his employment with Defendant KOD Properties, LLC under the theory of *respondeat superior*.

3.      Defendant KOD Properties, LLC (hereinafter "KOD") is a Limited Liability Company doing business in Mississippi and may be served with process by serving its Owner, Kevin O'Donnell at 1700 Sugar Cane Court, Mobile, Mobile County, Alabama. KOD's member is Kevin O'Donnell a citizen of Alabama.

4.      At all times relevant hereto, Defendant KOD leased, managed, inspected, maintained, and repaired the Property at 919 Winn Street, Jackson, Hinds County, Mississippi, where the subject fire occurred and where the Plaintiff was catastrophically injured. Defendant KOD had the duty and had the authority, discretion, and responsibility to make the Property and its tenants reasonably safe from foreseeable harm. Defendant KOD also had a duty to inspect,

install, maintain, and/or provide fire safety products and/or equipment at the Property, including but not limited to smoke alarms and fire extinguishers, as well as maintain all paths of egress in safe working condition, including, but not limited to the front door and its locks. Further, Defendant KOD had the authority, discretion, and responsibility to purchase, install, inspect, test, and/or provide the Property and its tenants with properly functioning cooking appliances and fire safety products and/or equipment, including but not limited to a stove, smoke alarms and fire extinguishers. Moreover, Defendant KOD was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, door locks and doors, appliances, or other missing or malfunctioning products/equipment at the Property. Moreover, Defendant KOD had notice, actual and constructive, of the dangerous conditions existing at the Property prior to the subject fire.  Defendant KOD's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence.  As a direct and proximate result of the negligence of Defendant KOD's acts and/or omissions caused or contributed to the subject fire and/or the catastrophic injuries of Plaintiff.

5. Defendant Frontier Properties, LLC (hereinafter "Frontier") is a Limited Liability Company doing business in Mississippi and may be served with process by serving its registered agent at 1700 Sugar Cane Court, Mobile, Mobile County, Alabama. Frontier's members including Defendant Kevin O'Donnell reside in Alabama and it is a resident of Alabama for purposes of jurisdiction.

6. At all times relevant hereto, Defendant Frontier leased, managed, inspected, maintained, and repaired the Property at 919 Winn Street, Jackson, Hinds County, Mississippi, where the subject fire occurred and where the Plaintiff was catastrophically injured.  Defendant Frontier had the duty and had the authority, discretion, and responsibility to make the Property and

its tenants reasonably safe from foreseeable harm. Defendant Frontier also had a duty to inspect, install, maintain, and/or provide fire safety products and/or equipment at the Property, including but not limited to smoke alarms and fire extinguishers, as well as maintain all paths of egress in safe working condition, including, but not limited to the front door and its locks. Further, Defendant Frontier had the authority, discretion, and responsibility to purchase, install, inspect, test, and/or provide the Property and its tenants with properly functioning cooking appliances and fire safety products and/or equipment, including but not limited to a stove, smoke alarms and fire extinguishers. Moreover, Defendant Frontier was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, door locks and doors, appliances, or other missing or malfunctioning products/equipment at the Property. Moreover, Defendant Frontier had notice, actual and constructive, of the dangerous conditions existing at the Property prior to the subject fire. Defendant Frontier's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence. As a direct and proximate result of the negligence of Defendant Frontier's acts and/or omissions caused or contributed to the subject fire and/or the catastrophic injuries of Plaintiff.

7. Defendant KOD 5B Rebuild Land Trust (hereinafter "5B") is a Trust organized in Florida. Defendant 5B may be served with process by serving its registered agent Marina Graeve at 7741 Military Trail 1, Palm Beach Gardens, FL 33410 or at 8235 S Virginia Avenue, Palm Beach Gardens, Florida 33418. 5B's trustee resides in Florida and it is a resident of Florida for purposes of jurisdiction.

8. At all times relevant hereto, Defendant 5B leased, managed, inspected, maintained, and repaired the Property at 919 Winn Street, Jackson, Hinds County, Mississippi, where the subject fire occurred and where the Plaintiff was catastrophically injured. Defendant 5B had the

duty and had the authority, discretion, and responsibility to make the Property and its tenants reasonably safe from foreseeable harm. Defendant 5B also had a duty to inspect, install, maintain, and/or provide fire safety products and/or equipment at the Property, including but not limited to smoke alarms and fire extinguishers, as well as maintain all paths of egress in safe working condition, including, but not limited to the front door and its locks. Further, Defendant 5B had the authority, discretion, and responsibility to purchase, install, inspect, test, and/or provide the Property and its tenants with properly functioning cooking appliances and fire safety products and/or equipment, including but not limited to a stove, smoke alarms and fire extinguishers. Moreover, Defendant 5B was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, door locks and doors, appliances, or other missing or malfunctioning products/equipment at the Property. Moreover, Defendant 5B had notice, actual and constructive, of the dangerous conditions existing at the Property prior to the subject fire. Defendant 5B's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence. As a direct and proximate result of the negligence of Defendant 5B's acts and/or omissions caused or contributed to the subject fire and/or the catastrophic injuries of Plaintiff.

9. Defendant Brightlite Homes, LLC ("Brightlite") is a Limited Liability Company doing business in Mississippi and may be served with process by serving its Registered Agent, Re-Build Deville LLC at 712 N Jefferson Street, Apt 238, Jackson, MS 39202 and Registered Agent, Brightlite Homes LLC, 7741 Military Trail, Suite 1, Palm Beach Gardens, Florida 33410. Brightlite's members reside in Florida, and it is a resident of Florida for purposes of jurisdiction.

10. At all times relevant hereto, Defendant Brightlite leased, managed, inspected, maintained, and repaired the Property at 919 Winn Street, Jackson, Hinds County, Mississippi,

where the subject fire occurred and where the Plaintiff was catastrophically injured. Defendant Brightlite had the duty and had the authority, discretion, and responsibility to make the Property and its tenants reasonably safe from foreseeable harm. Defendant Brightlite also had a duty to inspect, install, maintain, and/or provide fire safety products and/or equipment at the Property, including but not limited to smoke alarms and fire extinguishers, as well as maintain all paths of egress in safe working condition, including, but not limited to the front door and its locks. Further, Defendant Brightlite had the authority, discretion, and responsibility to purchase, install, inspect, test, and/or provide the Property and its tenants with properly functioning cooking appliances and fire safety products and/or equipment, including but not limited to a stove, smoke alarms and fire extinguishers. Moreover, Defendant Brightlite was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, door locks and doors, appliances, or other missing or malfunctioning products/equipment at the Property. Moreover, Defendant Brightlite had notice, actual and constructive, of the dangerous conditions existing at the Property prior to the subject fire. Defendant Brightlite's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence. As a direct and proximate result of the negligence of Defendant Brightlite's acts and/or omissions caused or contributed to the subject fire and/or the catastrophic injuries of Plaintiff.

11. The identities of Defendants John Does 1-20 are unknown to the Plaintiffs at this time. This Complaint will be amended to insert the names of these Defendants when they become known.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter in accordance with 28 U.S.C. § 1332. Venue lies in this Court pursuant to 28 U.S.C. § 1441. Moreover, the principal of the amount in

controversy is within the jurisdictional limit of this Court. Furthermore, there is complete diversity between the parties.

### III. FACTS

13.    At all times relevant hereto, Plaintiff Lisa Collins, was a tenant at the residential property located at 919 Winn Street, Jackson, Hinds County, Mississippi (hereinafter the "subject property").

14.    At all times relevant, the subject property was owned, leased, controlled, and/or maintained by the Defendants.

15.    On March 2, 2020, the Plaintiff leased the two-bedroom rental property from Frontier Properties.

16.    At all times relevant, Defendant Kevin O'Donnell and/or Defendant KOD acted and held himself/itself out as the owner, landlord, and manager of the rental property and received monthly rental payment in the amount of $560.00 from Plaintiff.

17.    Landroll records indicate the property was owned by David L. and Laura B. Uecker from 2006-2015, sold to Frontier Properties from 2015-2021, sold to KOD FiveB Rebuild Land Trust on 04/16/2021.

18.    On or about April 24, 2021, a fire started at the Property (hereinafter "subject fire"). The Jackson Fire Department determined that the area of origin of the subject fire was in the kitchen. Upon information and belief, the subject fire was caused by the malfunctioning stove that was owned, installed, and maintained by the Defendants.

19.    At all times relevant, the property was not equipped with operating smoke alarms. Without properly installed or functioning smoke alarms, the Plaintiff received no warning of the subject fire.

20. Further, at all times relevant, the property was never equipped with a fire extinguisher. Without a functioning or properly mounted fire extinguisher, the Plaintiff had no way of extinguishing the subject fire.

21. Moreover, at all times relevant, the Property's front door and its locking mechanism were malfunctioning and/or broken, which prevented Plaintiff from quickly or safely exiting the premises during the fire. The Plaintiff reported problems with the doorknob on the front door to the Defendant O'Donnell, yet the Defendants failed to remedy, repair, maintain, and/or fix the known hazard. Upon information and belief, the broken doorknob affixed to the front door at the Property prevented the Plaintiff's timely escape, which caused or contributed to the injuries suffered by the Plaintiff.

22. At all times material, the Defendants failed to provide a properly installed and functioning cook stove at the Property. Throughout the Plaintiff's tenancy, the improperly installed and malfunctioning stove at the property experienced a multitude of issues, including, but not limited to, the stove turning itself on in the middle of the night. These problems were reported to Defendants prior to the subject fire, but the Defendants failed to remedy, repair, maintain, and/or fix the same.

23. In addition, there were issues with the electricity and/or breaker box located at the Property. These issues were reported to the Defendants, yet the Defendants failed to remedy, repair, maintain, and/or fix the same.

24. The Plaintiff made multiple complaints to the Defendants regarding the lack of maintenance, inspection, safety, and general upkeep of the Property. The Defendants knew or should have known of the dangerous conditions at the Property and failed to remedy or repair the hazards.

25. At all times material, the Property was unreasonably dangerous and failed to comply with local and state fire, building, and life safety codes. The Defendants failed to inspect, install, maintain, test, and/or distribute properly functioning smoke alarms, fire extinguishers, appliances, and functioning doorknobs/locks on paths of egress for the Plaintiff at the Property prior to the subject fire. Specifically, the Defendants knew or should have known the Property did not have operable smoke alarms, fire extinguishers, cook stove, or doorknobs and locks, and/or failed to have these safety devices and appliances properly installed, maintained, repaired, or inspected.

26. As a result of the subject fire, Plaintiff suffered injuries and damages, including, but not limited to, disfiguring burns, smoke inhalation, property damage, and the loss of her pet.

27. The Plaintiff's injuries are the direct and proximate result of the Defendants' negligence and the failure to provide proper installation, repair, maintenance, testing, inspection and/or purchase of smoke alarms, fire extinguishers, appliances, electrical power sources, paths of egress, and locking mechanisms at the Property.

28. At all times material, the Property was unreasonably dangerous and was a direct and proximate cause of the injuries and damages suffered by the Plaintiff.

**IV. NEGLIGENCE PER SE**
**(ALL DEFENDANTS)**

29. All of the averments contained in paragraphs 1 through 24 are incorporated herein by reference as is fully set forth below.

30. Pursuant to Mississippi law and the local and state fire codes, the Defendants owed a duty of reasonable care to the Plaintiff as a tenant to install, maintain, and inspect fixtures, equipment, electrical power sources, smoke alarms, smoke alarms, and/or other fire protection products or procedures at the Property. The Defendant knew or should have known that the

Property was not equipped with properly functioning smoke alarms, fire extinguishers, paths of egress prior to the subject fire.

31. The purpose of those local and state laws and codes is to protect guests/occupants such as the Plaintiffs and the public from injuries from fire. The Plaintiff is a member of the class of persons protected by the local and state fire codes.

32. By violating Mississippi law and the governing local and state fire codes for failing to provide the most basic fire safety devices (smoke alarms, a fire extinguisher, operable doorknobs and locks) at the Property, the Defendant breached its statutory duty of care to the Plaintiff, which caused or contributed to the Plaintiff's injuries and damages complained of herein.

33. At all times relevant, the Defendants knew or should have known that the Property was not equipped with the proper fire safety equipment required by Mississippi law.

34. Thus, the Defendant's failure to comply with local and state fire codes that resulted in the injuries complained of herein is negligence per se.

## V. NEGLIGENCE
### (ALL DEFENDANTS)

35. All of the averments contained in paragraphs 1 through 24 are incorporated herein by reference as if fully set forth below.

36. The Defendants had a duty of reasonable care owed to the Plaintiff as a tenant on the premises to inspect, service, and maintain the Property.

37. The Defendants breached their duty of reasonable care by failing to properly install, maintain, use, test, inspect, and/or purchase smoke alarms and/or a fire extinguisher at the Property.

38. Further, the Defendants were also reckless and/or negligent in failing to properly install, maintain, use and/or test the appliances, fixtures, and electrical power sources, including, but not limited to the stove and the breaker box at the Property.

39. Further, the Defendants breached their duty of reasonable care by failing to properly install, maintain, use, and/or test the fixtures, including, but not limited to the doorknobs at the Property.

40. The Defendants' recklessness, negligence, and failure to exercise reasonable care proximately caused and/or contributed to the injuries of the Plaintiff.

41. Prior to April 24, 2021, the Defendants negligently or improperly inspected the Property, the smoke alarms, fire extinguishers, electrical power sources, appliances, and/or fixtures. Proper inspection would have revealed the lack of and/or inadequate or inoperable smoke alarms, fire extinguisher, electrical power sources, appliances, and/or fixtures at the Property.

42. The Defendants had notice, actual and constructive, of the dangerous conditions existing at the Property and knew or should have known of the increased danger of not properly installing and maintaining operable smoke alarms, fire extinguishers, electrical power sources, appliances, and/or fixtures at the Property, making more probable serious injuries and death from fires. The Defendants failure to warn or adequately warn of the extremely dangerous conditions was negligence.

43. The subject fire and injuries suffered by the Plaintiff were the result of the negligence of the Defendants in the improper installation, maintenance, and/or repair of the stove; the failure to provide adequate number of smoke detector and fire extinguishers; the improper installation, repair, maintenance, use, testing, or inspection of the smoke alarms and fire extinguishers; and/or the improper installation, repair, maintenance, use, testing, or inspection of

the stove at the Property; and the improper installation, repair, or maintenance of the doorknobs at the Property.

44. These and other negligent acts of the Defendants were the proximate cause or contributing cause of the Plaintiff's injuries.

## VI. WILLFUL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

45. All of the averments contained in paragraphs 1 through 40 are incorporated herein by reference as if fully set forth below.

46. The Defendants actions and/or inactions were malicious, intentional, willful, wanton, grossly careless, indifferent, reckless, and/or negligent and said conduct resulted in causing the Plaintiff's injuries, anxiety, distress, fear, aggravation and inconvenience. The Defendants' acts and/or inactions constitute the direct, proximate and/or contributing cause of the mental and emotional distress suffered by, and continued t be suffered by, the Plaintiffs, and such damages were reasonably foreseeable consequences of the Defendants' actions and/or inactions.

## VII. DAMAGES

47. All of the averments contained in paragraphs 1 through 42 are incorporated herein by reference as if fully set forth below.

48. As a result of the Defendants' negligence and above alleged acts or omissions, which were the sole proximate cause of Plaintiff Lisa Collins' losses, the Plaintiff suffered and seeks recovery for the following:

   a. conscious pain and suffering;

   b. mental anguish;

   c. past, present, and future medical and related expenses;

    d.  past, present, and future pain and suffering;

    e.  permanent scarring and disfigurement;

    f.  permanent impairment and disfigurement;

    g.  property damage;

    h.  loss of use of property;

    i.  The injuries of the Plaintiff, Lisa Collins, which resulted in conscious pain and suffering, mental anguish, medical expenses, loss of enjoyment of life.

49. The negligence and above alleged acts and/or omissions of the Defendants were the proximate and/or contributing cause of the Plaintiff's injuries and damages.

50. The negligence and above alleged acts and/or omissions of the Defendants were the proximate and/or contributing cause of the aforesaid incident complained of and the resulting injuries to the Plaintiff, and the acts and/or omissions of the Defendants constitute the negligence for which the Defendants are liable to the Plaintiff.

## VIII. PUNITIVE DAMAGES

51. All of the averments contained in paragraphs 1-46 are incorporated herein by reference as if fully set forth below.

52. The Plaintiff herein would show that the acts of the Defendants were intentional, willful, wanton, insensitive, careless, reckless, and grossly negligent; that their conduct gives rise to punitive damages; and Plaintiff specifically requests the award of such punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands a jury trial and judgment, jointly and severally against all Defendants for all damages allowed under law including compensatory and punitive damages in an amount to be determined by the jury, together with all costs, and any such other general relief which the Court and jury may deem appropriate.

**RESPECTFULLY SUBMITTED** this the 14th day of September, 2023.

                                          **LISA COLLINS, PLAINTIFF**

                                          /s/ *Benjamin Wilson*
                                        Benjamin H. Wilson, MSB No.103586
                                        MORGAN & MORGAN PLLC
                                        4450 Old Canton Road, Suite 200
                                        Jackson, Mississippi 39211
                                        Telephone: 601-718-0940
                                        Facsimile: 601-503-1616
                                        bwilson@forthepeople.com
                                        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed via CM/ECF system and forwarded via electronic mail a copy of the foregoing to the following attorneys of record:

Anna Little Morris, Esq.
BUTLER SNOW LLP
1020 Highland Colongy Parkway, Suite 1400
Ridgeland, MS 39157
Anna.morris@butlersnow.com
*Counsel for Defendants*

This 14th day of September, 2023.

                                          /s/ *Benjamin Wilson*
                                          Benjamin H. Wilson, Esq.