UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LISA COLLINS                                                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:23-CV-210-KHJ-MTP

KEVIN O'DONNELL, et al.                                                                         DEFENDANTS

ORDER

Before the Court are Defendant Frontier Properties, LLC's [31] Motion to Dismiss for Insufficient Service of Process and [33] Motion to Dismiss for Failure to State a Claim. The Court denies both motions without prejudice.

I.  Background

Frontier was a Mississippi LLC. *See* Articles of Dissolution [31-1]. The Court issued a summons to Frontier's "Registered Agent," Kevin O'Donnell, at his Alabama address. *See* Summons [17] at 2; 2021 LLC Annual Report [31-2] at 1. Plaintiff Lisa Collins instead served Kevin O'Donnell's wife, Sarah O'Donnell. *See* Aff. of Process Server [24] at 2; Collins Mem. [37] at 4.

II.  Standard

The Court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1998). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

"Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

III.   Analysis

Collins' service on Frontier was ineffective, but the Court exercises its discretion to extend the time for service. If Collins decides to serve Frontier, Frontier may reassert a motion under Rule 12(b)(6).

Service was ineffective. Federal Rule of Civil Procedure 4(h) governs service of process on an LLC. As relevant here, that Rule requires service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); *see also* Miss. R. Civ. P. 4(d)(4) (similar); Ala. R. Civ. P. 4(c)(6) (similar); Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A) (allowing for service based on law of "the state where the district court is located or where service is made"). The parties agree that Collins served Sarah O'Donnell, who was not Frontier's officer or agent. *See* Frontier Mem. [32] at 3; [37] at 4; Frontier Reply [42] at 1–2. So service was invalid.

Even so, the Court exercises its discretion to extend the time for service. *Thrasher*, 709 F.3d at 511; *see also Ellis v. Midwest Tech. Inst., Inc.*, No. 3:20-CV-393-KHJ-LGI, 2021 WL 1392840, at *3 (S.D. Miss. Apr. 12, 2021). If Collins wishes to serve Frontier, the Court orders her to do so—and to file proof of valid service—by February 12, 2024. Absent exceptional circumstances, Collins' failure to do so will result in dismissal without prejudice against Frontier. *See Ellis*, 2021 WL 1392840, at *3; Fed. R. Civ. P. 4(m).

If Collins properly serves Frontier, Frontier may reassert a motion under Rule 12(b)(6). *Ellis*, 2021 WL 1392840, at *3. In the interest of judicial economy, the Court notes that (1) neither party addressed the merits of Collins' claims against Frontier for willful or negligent infliction of emotional distress and that (2) the federal pleading standard governs this removed case. *See, e.g.*, [32] at 1 (Frontier addressing only negligence claims); *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Upon removal, the federal pleading standards control.").

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES without prejudice Frontier's [31] Motion to Dismiss for Insufficient Service of Process and [33] Motion to Dismiss for Failure to State a Claim. The Court orders Collins to effect—and file proof of—valid service of process by February 12, 2024.

SO ORDERED, this 29th day of January, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE