UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LISA COLLINS                                                                                           PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:23-CV-210-KHJ-MTP

KEVIN O'DONNELL, et al.                                                                    DEFENDANTS

ORDER

Before the Court is Defendant Frontier Properties, LLC's [65] Motion to Dismiss. The Court grants the motion.

I.     Background

This case arises from a fire that seriously injured Plaintiff Lisa Collins. *See* Am. Compl. [16].

In March 2020, Collins leased a residential rental property from its then-owner, Frontier. *See id.* ¶¶ 15, 17. Frontier conveyed the property to Defendant KOD Properties, LLC, in January 2021. *See* First Warranty Deed [65-3]; Landroll Detail [11-4] (legal description of rental property). KOD Properties then conveyed the property to Defendant KOD 5B Rebuild Land Trust on April 16, 2021. *See* Second Warranty Deed [11-2]; [11-4]; *see also* [16] ¶ 17 ("Landroll records indicate the property was . . . sold to KOD [5]B Rebuild Land Trust on 04/16/2021."). All the while, Collins made monthly rent payments to Defendant Kevin O'Donnell, who was Frontier's registered agent and KOD Properties' owner. *See* [16] ¶¶ 3, 16; 2021 LLC Annual Report [65-2] at 1.

On April 24, 2021, Collins' rental property caught fire. *See* [16] ¶ 18. The fire allegedly started from an "improperly installed and malfunctioning stove." *Id.* ¶¶ 18, 22. The property had no operating smoke alarms and "was never equipped with a fire extinguisher." *Id.* ¶¶ 19–20. And when Collins tried to escape, "the broken doorknob affixed to the front door" prevented her from leaving. *Id.* ¶ 21. She suffered serious injuries from the fire: "disfiguring burns, smoke inhalation, property damage, and the loss of her pet." *Id.* ¶ 26.

Collins sued in state court; Defendants removed the case. Notice of Removal [1]. Collins then filed an Amended Complaint that added several Defendants—including Frontier, KOD Properties, and KOD 5B Rebuild. *See* [16]. In the main, Collins alleged that each Defendant breached the "duty . . . to make the Property and its tenants reasonably safe from foreseeable harm." *See id.* ¶¶ 2–10. She asserted claims for negligence, negligence per se, willful infliction of emotional distress, and negligent infliction of emotional distress. *Id.* ¶¶ 29–46. Frontier then moved to dismiss under Rule 12(b)(6), arguing that it "cannot be liable for a premises it neither owned nor controlled at the time of the incident." [65]; Frontier Mem. [66] at 2.

II.  Standard

"Upon removal, the federal pleading standards control." *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018).[1] "To survive a motion to dismiss, a

---

[1] In a prior Order, the Court instructed Collins accordingly. *See* Order [48] at 3 (noting that "the federal pleading standard governs this removed case"). Yet Collins' response again invokes the state pleading standard. *See* Collins. Mem. [69] at 3.

2

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). The Court "accepts all well-pleaded facts as true" but "does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (cleaned up).

"Federal courts are permitted to refer to matters of public record when deciding a [Rule] 12(b)(6) motion to dismiss." *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

III.   Analysis

The Court sits in diversity, so it applies Mississippi substantive law. *Cap. City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). Collins fails to state a claim against Frontier. The Court explains why, starting with Collins' negligence claims and ending with her emotional-distress claims.

   A. Negligence

To state a negligence claim, Collins must plead facts showing that Frontier owed her a duty at the time of the fire. *See Strickland ex rel. Strickland v. Rankin Cnty. Sch. Dist.*, 341 So. 3d 941, 945–46 (Miss. 2022). She fails to do so. The Court thus dismisses her negligence claim against Frontier without prejudice.

Collins' main argument is that, under premises liability, Frontier owed her the duty to maintain "reasonably safe" premises. *See* [16] ¶¶ 6, 36; Resp. Mem. [69] at 4. But the duty to "maintain premises in a reasonably safe condition falls ultimately upon the one who actually owns, controls or possesses the premises." *Elder v. Sears, Roebuck & Co.*, 516 So. 2d 231, 235–36 (Miss. 1987); *see also, e.g.*, *Alpha Mgmt. Corp. v. Harris*, 362 So. 3d 25, 34 (Miss. 2023) (discussing duty of apartment complex "owner" "to keep the premises it owns reasonably safe and to take measures to protect tenants from for[e]seeable danger from fire"); *Brookhaven Funeral Home, Inc. v. Hill*, 820 So. 2d 3, 6 (Miss. Ct. App. 2002) (noting that "ownership, possession or control" is "necessary"); *Hawkins v. Cypress Point Apartments*, No. 3:19-CV-939, 2021 WL 6803719, at *2 (S.D. Miss. Feb. 12, 2021).

Under premises liability, Frontier owed no duty to Collins when the fire occurred. The parties agree that, at that time, Frontier no longer owned the property. *See* [16] ¶ 17. In fact, Frontier was twice removed from the chain of ownership. *See* [11-2]; [11-4]; [65-3]. And the Amended Complaint lacks factual allegations that Frontier otherwise controlled or possessed the property when the fire occurred. *See* [16]. Because Frontier did not own, control, or possess the property at the time of the fire, Collins may not assert a premises-liability claim against Frontier.

Collins' response is unavailing. She argues (without legal authority) that Frontier remained her landlord under the March 2020 lease agreement. *See* [69] at 4. That argument ignores Mississippi law to the contrary. When Frontier

4

transferred its ownership interest, subject to Collins' lease, the new owner assumed all rights and obligations under the lease. *See* Miss. Code Ann. §§ 89-7-15, 89-7-17, 89-7-21; *see also Check Cashers Express, Inc. v. Crowell*, 950 So. 2d 1035, 1039 (Miss. Ct. App. 2007) ("Tenants had originally negotiated and signed a five-year lease with David Bailey, the owner of the premises. . . . Crowell purchased the building at issue from Bailey. Crowell had thus been Tenants' landlord since that time, under the original lease agreement.").[2] Frontier owed Collins no duty at the time of the fire.

Collins' backup argument copies and pastes various paragraphs from her Amended Complaint, inviting the Court to find a duty in one of them. *See* [69] at 4–7 (quoting [16] ¶¶ 6, 18–25). But most are legal conclusions, which the Court cannot accept as true. *Watkins*, 90 F.4th at 817.[3] And the few factual allegations are not particularized to Frontier. *See* [69] at 5–7 (altering Amended Complaint's allegations from "Defendants" to "[Frontier]"). The Amended Complaint does not contain factual matter plausibly establishing that Frontier owed Collins a duty at the time of the fire. The Court thus dismisses her negligence claim against Frontier without prejudice.

---

[2] Collins emphasizes that she kept paying rent to Kevin O'Donnell, who was Frontier's agent, even after Frontier sold the property to KOD Properties in January 2021. *See* [69] at 4. But it does not follow that Collins was still making "payments to Defendant Frontier." *Id.* O'Donnell was also KOD Properties' owner. [16] ¶ 3.

[3] *See, e.g.*, [69] at 4 (quoting [16] ¶ 6) ("Defendant Frontier had the duty and had the authority, discretion, and responsibility to make the Property and its tenants reasonably safe from foreseeable harm."); *id.* at 5 (quoting [16] ¶ 6) ("Defendant Frontier's failure to remedy or warn of the extremely dangerous conditions at the Property was negligence.").

B. Negligence Per Se

Collins likewise fails to state a claim against Frontier for negligence per se. Frontier correctly notes that the Amended Complaint includes "no well-pleaded facts that identify any statute that was allegedly violated." [66] at 7. "Instead, it is generically alleged that 'the Defendants' collectively owed various duties 'pursuant to Mississippi law and the local and state fire codes,'" which does not satisfy the federal pleading standard. *Id.* (quoting [16] ¶ 30). Collins offers no response, except to rely incorrectly on the state pleading standard. *See* [69].

Generically invoking "Mississippi law and the local and state fire codes" does not plausibly establish that Frontier owed Collins a duty at the time of the fire. [16] ¶ 30. The Court dismisses the negligence per se claim against Frontier without prejudice.

C. Emotional Distress

Collins also fails to state a claim against Frontier for "willful and/or negligent infliction of emotional distress." *See* [16] ¶¶ 45–46. Frontier correctly argues that, under Mississippi law, emotional-distress claims are contingent on a finding of negligence. *See* [66] at 6–7 (citing *Martin v. Rankin Circle Apartments*, 941 So. 2d 854, 864 (Miss. Ct. App. 2006); *Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 553 (Miss. 2011)). Collins fails to respond. *See* [69].

"Because the amended complaint fails to state a negligence claim upon which relief can be granted, it necessarily fails to state a claim for negligent infliction of emotional distress"—let alone one for willful infliction of emotional distress.

6

*Watkins & Eager, PLLC v. Lawrence*, 326 So. 3d 988, 993 n.2 (Miss. 2021). The Court thus dismisses Collins' emotional-distress claims against Frontier without prejudice.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendant Frontier Properties, LLC's [65] Motion to Dismiss. The Court DISMISSES all claims against Frontier without prejudice.

SO ORDERED, this 23rd day of May, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
